UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| RODNEY SOULSBY, II, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Case No. 5:22-CV-00069 ) |
| ASHLYN D. VINT, | ) ) ) |
| *Defendant*. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

Defendant, Ashlyn D. Vint, hereby submits this Memorandum of Law in Support of Defendant's Rule 12(b)(6) Motion to Dismiss.

### BACKGROUND

Plaintiff, Rodney Soulsby, II, has filed herein a *pro se* Complaint that appears to attempt to assert a claim for defamation against his former spouse, Defendant, Ashlyn Vint ("Vint"). The purported claim is based on an alleged social media post made by Vint on November 21, 2021. A copy of the social media post is not attached to the Complaint as an exhibit nor is it quoted within the allegations of the Complaint. For his damages, Soulsby "seeks the sum of $15,000.00 in actual expenses related to the actual costs associated with bringing forth this action and an additional $285,000.00 in punitive damages ..."

Soulsby's basis for this Court's jurisdiction is diversity of citizenship. Soulsby is believed to be a citizen of Florida, but he has stated in his Complaint that he is a citizen of Virginia. Vint is a citizen of Virginia, it being noted that the Complaint fails to indicate this,

1

possibly because a portion of the page where it would be indicated is missing. If Soulsby is in fact a citizen of Virginia, then this Court does not have jurisdiction.

## STANDARD OF REVIEW

For the purposes of a 12(b)(6) motion, the well pleaded allegations contained in a Complaint must be taken as true, and any reasonable inferences must be made in favor of the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). A Rule 12(b)(6) motion does not go to the merits of a claim or evaluate the facts of a case, but is simply an assessment of a claim's sufficiency under Rule 8(a) of the Federal Rules of Civil Procedure. *Id.* For a Complaint to be considered sufficient, detailed factual allegations are not necessary; however, "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Likewise, "naked assertions devoid of further factual enhancement" are not sufficient. *Id.* The court need not accept unwarranted inferences, unreasonable conclusions, or arguments. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Additionally, the facts included in a Complaint must raise a right to relief. *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1965 (2007). These facts do not need to constitute a fully developed argument, but should be conceivable, rather than simply plausible. *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 344-45 (4th Cir. 2006).

In deciding whether a complaint will survive a motion to dismiss, a court must evaluate the complaint in its entirety, including documents attached or incorporated into the complaint. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *see also Butters v. James Madison Univ.*, 145 F. Supp. 3d 610, 617 (W.D. Va. 2015). A court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint, so long as the authenticity of these documents is not disputed. *Witthohn v. Fed. Ins.*

*Co.*, 164 Fed. Appx. 395, 396 (4th Cir. 2006). Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." "Indeed, in the event of conflict between the bare allegations of the complaint and any exhibit attached pursuant to Rule 10(c), Fed. R. Civ. P., the exhibit prevails." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462 (4th Cir. 1991) (citing 2A Moore's Federal Practice, para. 10.06, p. 10-24).

*Pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, that does not give a court license to look beyond the claim presented. *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020) (stating that liberal construction of a pro se litigant's pleadings "does not mean overlooking the pleading requirements"); and *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) ("[L]iberal construction does not require us to attempt to 'discern the unexpressed intent of the [petitioner],' but only to determine the actual meaning of the words used in the [pleading]." (citation omitted)).

## ARGUMENT

### 1. The Complaint fails to state a defamation claim or any other claim.

In his Complaint, Soulsby does not identify a specific claim under Section III, Statement of Claim. Rather, he describes alleged comments made by Vint in a social media post.[1] Under Section IV, Relief, Soulsby indicates that he is seeking damages "for defamatory comments of the defendant." A fair reading of his Complaint otherwise suggests that he is attempting to state a conclusory claim of defamation. Yet, the conclusory claim fails because it is missing certain

---

[1] Vint is filing a Motion to File Social Media Post Under Seal so that the Court can view the social media post and take it into consideration when ruling on this Motion to Dismiss.

3

elements of a claim of defamation, including without limitation the requirement that the alleged defamatory statement was heard by someone other than the plaintiff and that the alleged defamatory statement was false. VMJI, Instr. Nos. 37.095, 37.097, 37.098.[2] The claim otherwise fails because the social media post does not make the statements alleged by Soulsby in his Complaint.

Soulsby identifies four alleged statements made by Vint. In essence, he contends that she stated that he is a rapist, a liar, a deadbeat father, and that he does not pay child support. This Court can review the social media post referenced in the Complaint and readily ascertain that no such statements are expressly made. Soulsby's Complaint is otherwise devoid of any allegation that anyone other than Soulsby viewed the alleged social media post. Soulsby also fails to allege that any of the alleged statements are in fact false. Rather, he follows the lead of Bart Simpson by essentially asserting that "No one saw me do it." Yet, he left out the rest of Bart Simpson's quote, namely "I didn't do it... You can't prove anything."

Starting with the statement regarding rape, he states the following in response to the alleged statement: "A RAPIST – having sexually assaulted her – although there has never been a police report or conviction of such and no mention has ever been made in criminal or civil court proceedings to include during divorce proceedings in 2014-2016 and in child custody proceedings in 2014-current." Soulsby is fully aware that Vint has accused him on multiple occasions of marital rape and sexual abuse, both when it was occurring and thereafter. Was his failure to assert that the statement was false his tacit admission that it was true? Whatever the case, he fails to directly allege that the rape statement was false. He also fails to indirectly state that it was false by alleging "I didn't do it."

---

[2] The exact jury instruction that would apply to the claim that Soulsby is attempting to state is impossible to ascertain given the defects with the Complaint that result in it not stating a claim.

4

The alleged liar statement cannot be the basis of a defamation claim because the subsequent allegations suffer from the same defects as those pertaining to the rapist statement. Soulsby states the following in regard to the liar statement: "A LIAR – though there are no complaints or filings for perjury, slander, libel, or defamation against plaintiff." He does not assert that the alleged statement that he is a liar is false. Soulsby is using the same tactic he used in a prior case filed in this Court, namely *Soulsby v. Ludwig*, Case No. 5:17-cv-00054-cv-EKD. *See also Soulsby v. Ludwig*, 2017 U.S. Dist. LEXIS 131135, 2017 WL 3568674 (USDC WD VA 2017). In the aforementioned case, in which he sued a sitting state court judge, the allegations of his Complaint were that a handwriting expert could not confirm whether the signature on an adoption document was his signature or a forgery. He conveniently left out any allegation regarding whether he had in fact signed the document. As in that case, there can be no reasonable inference that Soulsby is not in fact a liar when he fails to allege otherwise. The same is true as to each of the four alleged statements at issue in this case.

The third alleged statement concerns Soulsby being a "deadbeat father." In his Complaint, Soulsby states the following: "DEADBEAT FATHER – although the father has always been part of the child's life and plaintiff was granted primary physical custody of the minor child on August 05, 2022 by a Virginia state court." Soulsby does not allege that the statement is false, nor could he. He has an adopted son that he has made no attempt to maintain a relationship with since he separated from Vint. To the contrary, he has attempted to void the adoption, as noted above. As of December 13, 2022, Soulsby's child support arrearage for that child, including interest, is **$40,061.51**. A copy of the Virginia Department of Social Services, Division of Child Support Enforcement, Payment Record that shows the arrearage is attached to this Motion as **Exhibit 1**. As previously noted, this Court can take judicial notice of public

records for purposes of deciding a motion to dismiss. Of course, and just as with the other alleged statements at issue, Soulsby does not otherwise aver that the alleged statement that he is a deadbeat father is false.

The last statement concerns Soulsby's failure to pay child support. Soulsby states the following in his Complaint: "DOES NOT PAY CHILD SUPPORT – although bank statements of the Plaintiff and Defendant show otherwise." As with the other statements, he does not allege that it is false. Rather, he alleges that bank statements will prove that he has paid child support, although it is unclear if he is alleging that he pays it all the time and on time.

The statement is otherwise not defamatory. There is no context to the statement to determine if it tends to harm the reputation of Soulsby, being another element of a defamation claim. *See* VMJI, Instr. Nos. 37.095, 37.097, 37.098. Was Vint simply saying that Soulsby is not required to pay child support? Or was she saying he has a requirement to pay child support, but he does not pay it? And if the latter, was Vint saying he never pays it or that he does not always pay it on time? Or was Vint just saying he does not pay the full amount that is due, including arrearages? Also, does the statement concern his daughter or his adopted son, i.e., the son that he asked this Court to void the adoption in the case mentioned above that he filed against Judge Ludwig? There are a number of unanswered questions in regard to the statement, but there is no dispute that Soulsby has a considerable arrearage of child support that is owed to Vint. *See* **Exhibit 1**.

Under *Ashcroft v. Iqbal*, labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. at 678. Soulsby has one conclusory allegation of defamation in his Complaint. The Complaint then fails to include even a formulaic recitation of the elements of a defamation claim that would otherwise still be insufficient to state a claim.

6

Soulsby is a *pro se* party who is held to a lesser standard than an attorney, but even a liberal construction of his allegations does not put Vint on notice of any valid claim. This is especially true when the social media post upon which Soulsby relies to support his claim does not say what he contends it says.

## CONCLUSION

For the foregoing reasons, the Complaint fails to state any claim upon which relief can be granted. Accordingly, Defendant, Ashlyn D. Vint, respectfully requests this Court to enter an Order that grants her Motion to Dismiss and dismisses the Complaint with prejudice.

                                              ASHLYN D. VINT
                                              By Counsel

/s/ Kevin M. Rose
KEVIN M. ROSE (VSB No. 35930)
MICHAEL W. SHARP (VSB No. 89556)
MARY MARGARET HAWKINS (VSB No. 97016)
BotkinRose PLC
3190 Peoples Drive
Harrisonburg, VA 22801
(540) 437-0019 (telephone)
(540) 437-0022 (fax)
krose@botkinrose.com
msharp@botkinrose.com
mmhawkins@botkinrose.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

  I hereby certify that on **December 14, 2022**, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send via email a copy of such filing to all parties registered to receive electronic notice in this case. In addition, a copy of this pleading was sent via email to Plaintiff at rsoulsbyii@gmail.com and mailed via U.S. First Class Mail to Plaintiff at 405 14th Avenue, Vero Beach, Florida, 32962.

              /s/ Kevin M. Rose
              KEVIN M. ROSE (VSB No. 35930)
              BotkinRose PLC
              3190 Peoples Drive
              Harrisonburg, VA 22801
              (540) 437-0019 (telephone)
              (540) 437-0022 (fax)
              krose@botkinrose.com
              *Counsel for Defendant*