UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| RODNEY SOULSBY, II, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) Case No. 5:22-CV-00069 |
| ASHLYN D. VINT, | ) ) ) |
| *Defendant.* | ) ) |

## LOCAL RULE 9 MOTION TO FILE SOCIAL MEDIA POST UNDER SEAL

Defendant, Ashlyn D. Vint, pursuant to Local Rule 9 of United States District Court for the Western District of Virginia's Local Rules, hereby moves this Court to allow her to file under seal the social media post that Plaintiff, Rodney Soulsby, II, references in his Complaint. In support of this Motion, Defendant asserts as follows:

1. In his Complaint, Plaintiff has attempted to state a claim of defamation based on a social media post that he alleges was made by Defendant.

2. Defendant is filing a Rule 12(b)(6) Motion to Dismiss the Complaint.

3. As noted in the Memorandum of Law in Support of the Rule 12(b)(6) Motion to Dismiss that is being filed with the Motion, this Court may consider the social media post when ruling on the Motion given that it is referenced in the Complaint.

4. Under the common law, the public is presumed to have a right to inspect and copy judicial records and documents. *See In Re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013).

5. The presumption of a right to inspect and copy judicial records and documents can be overcome if the public's right is outweighed by competing interests. *Id.*

6. One example of a competing interest that outweighed the right to public access is "the common-law right of inspection has bowed before the power of a court to insure that its records are not 'used to gratify private spite or promote public scandal' through the publication of 'the painful and sometimes disgusting details of a divorce case.'" *Nixon v. Warner Communications*, 435 U.S. 589, 598-99 (1978), *quoting In re Caswell*, 18 R. I. 835, 836, 29 A. 259 (1893); (other citation omitted).

7. Another example is that "courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption." *Id. citing Park v. Detroit Free Press Co.*, 72 Mich. 560, 568 (1888); (other citations omitted).

8. The social media post, which was a private post that was taken down soon after being posted, was never intended to be made available to the general public. The post concerns painful details of a divorce case and associated custody battle. For those reasons, Defendant prefers that the post not be further disseminated, it being noted that she is not aware that any persons that had access to the post made copies of the post and disseminated it to the general public.

9. Defendant denies that the post contains any libelous or defamatory statements. However, Plaintiff has so contended in his Complaint. Defendant is concerned that if the social media post is made public through this civil proceeding, Plaintiff would file further baseless claims against her.

10. As an alternative to filing the entire post under seal, the Court could determine the language that should be redacted and not made public. Defendant asks the Court to make any redactions it deems necessary should it determine that the public right to access should apply to certain portions of the post.

11. In accordance with Local Rule 9, a copy of the social media post is being hand-delivered to the Court in an envelope that is conspicuously labeled "SEALED."

12. Defendant asks that the social media post be sealed until such time as this Motion is heard, and then thereafter for such time period, if any, that the Court deems appropriate under applicable law.

13. A proposed order that grants this Motion and sets forth the bases for the Court's action is attached to this Motion as **Exhibit 1**.

WHEREFORE, Defendant, Ashyln D. Vint, respectfully requests this Court to enter an Order that grants this Motion and allows the social media post at issue to be filed under seal for such time period as this Court deems appropriate or, in the alternative, allows an unredacted version of the post to be filed under seal, with a redacted version made available for public access. In the event of the latter, Defendant requests that this Court determine the language of the post that should be redacted.

                                              ASHLYN D. VINT
                                              By Counsel

/s/ Kevin M. Rose
KEVIN M. ROSE (VSB No. 35930)
MICHAEL W. SHARP (VSB No. 89556)
MARY MARGARET HAWKINS (VSB No. 97016)
BotkinRose PLC
3190 Peoples Drive
Harrisonburg, VA 22801
(540) 437-0019 (telephone)
(540) 437-0022 (fax)
krose@botkinrose.com
msharp@botkinrose.com
mmhawkins@botkinrose.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on **December 14, 2022**, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send via email a copy of such filing to all parties registered to receive electronic notice in this case. In addition, a copy of this pleading was sent via email to Plaintiff at rsoulsbyii@gmail.com and mailed via U.S. First Class Mail to Plaintiff at 405 14th Avenue, Vero Beach, Florida, 32962.

/s/ Kevin M. Rose
KEVIN M. ROSE (VSB No. 35930)
BotkinRose PLC
3190 Peoples Drive
Harrisonburg, VA 22801
(540) 437-0019 (telephone)
(540) 437-0022 (fax)
krose@botkinrose.com
*Counsel for Defendant*