IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| RODNEY SOULSBY II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:22-cv-00069 |
| | ) | |
| ASHLYN D. VINT | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rodney Soulsby II, proceeding *pro se*, filed this diversity suit[1] against his former spouse, defendant Ashlyn Vint, for defamation arising from an alleged social media post Vint made on November 21, 2021. (Compl., Dkt. No. 2, at 4–5.) However, a copy of the social media post is not attached to the complaint as an exhibit, nor is the post directly quoted in its allegations. Vint has moved to dismiss the complaint for failure to state claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 7.) Vint asserts that the court may consider the social media post in ruling on her motion to dismiss because it is referenced in the complaint. (Dkt. No. 8 at 2–3.)

Before the court is Vint's motion to file a copy of the social media post under seal (Dkt. No. 9), pursuant to Local Rule 9 of this court. *See* W.D. Va. Gen. R. 9. In accordance with

---

[1] In his complaint, Soulsby indicated a Florida address for himself, but in Section II ("Basis for Jurisdiction"), he alleged he is a citizen of the Commonwealth of Virginia. (Compl., Dkt. No. 2, at 1, 3.) Further, in the "Basis for Jurisdiction" section, Soulsby left blank the "Defendant" subsection (including the defendant's state of citizenship), though in Section I ("The Parties to This Complaint"), he did list Vint as the defendant and alleged that she maintains a Virginia address. (*Id.* 2.) The court ordered Soulsby to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (Dkt. No. 10.) Soulsby responded to the show cause order and clarified with documentation that he is a resident of Florida. (Dkt. No. 13.) Affording Soulsby's complaint the liberal construction to which it is entitled, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court is satisfied that Soulsby has properly invoked diversity jurisdiction, and the show cause order will be dismissed.

Local Rule 9, Vint has also tendered to the court, *in camera*, the document proposed to be sealed. Soulsby has not filed any opposition. For the following reasons, the court will grant the motion.

I. DISCUSSION

Although the district court's authority to seal judicial records or documents[2] is well established in the Fourth Circuit, the court may do so only "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quotations omitted). "The common law presumes a right to inspect and copy judicial records and documents," and the denial of access is within the sound discretion of the court. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F2d 178, 180 (4th Cir. 1988) (citing *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978)). Likewise, the First Amendment guarantees access, but only "to particular judicial records and documents." *Id*. at 180. This includes those filed in support of dispositive motions in civil cases. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (citing *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1067–71 (3d Cir. 1984); *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984)).

To determine whether the interests in sealing the records outweigh First Amendment considerations, the court must engage in a three-part process. The court must (1) "provide public notice of the request to seal and allow interested parties a reasonable opportunity to object"; (2) "consider less drastic alternatives to sealing the documents"; and (3) "provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302; *see also* W.D. Va. Gen. R. 9. The First Amendment

---

[2] The court finds that, in this context, the copy of the social media post submitted for *in camera* review is a judicial document or record. The Fourth Circuit has held that "documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). Under this definition, the social media post constitutes part of the judicial record in that Soulsby effectively incorporates its contents by reference into the complaint (undoubtedly part of the adjudicative process) and Vint relies upon it in her motion to dismiss.

standards afford greater substantive protection to the public's right to access, so satisfying the First Amendment standards necessarily satisfies the relevant common law standards. *See In re Policy Mgmt. Sys. Corp.*, Nos. 94-2254, 94-2341, 1995 WL 541623, at *3 (4th Cir. Sept. 13, 1995).

Considering these standards, the court will grant Vint's motion to seal the copy of her social media post. First, the public has received adequate notice of the request to seal because the motion has been filed in the public record for a sufficient time. No member of the public has objected to the motion. *See In re Knight Pub. Co.*, 743 F.2d 231, 234 (4th Cir. 1984). Second, the court has considered less drastic alternatives to sealing, but finds that no alternatives are appropriate. Redactions could not simultaneously protect the integrity of the sensitive allegations in the post and provide the court with a complete record of the relevant statements at issue in this case. This is especially true here because the allegedly defamatory statements predominate over the remaining content in the social media post, such that redacting the document to the extent necessary would prove futile.

Finally, the nature of the statements in question supports the court's decision to seal. Historically, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details of a divorce case." *Nixon*, 435 U.S. at 598 (internal quotations omitted). Vint asserts that the statements made in the social media post—made privately and deleted shortly after posting—narrate the details of a divorce and subsequent custody battle. Having reviewed the document *in camera*, the court agrees that the statements pertain to domestic violence (as well as related efforts by law enforcement) and are highly sensitive in nature. Moreover, access to judicial records has generally been denied

"where court files might have become a vehicle for improper purposes," *Nixon*, 435 U.S. at 598 (internal quotations omitted), for example, "where disclosed records may serve as reservoirs of libelous statements for press consumption." *Under Seal v. Under Seal*, 326 F.3d 479, 485 (4th Cir. 2003) (citing *Nixon*, 435 U.S. at 598–99). As such, to the extent the statements are allegedly defamatory (though Vint's motion to dismiss asserts that the statements made in the post were indeed true), docketing the unsealed copy of the social media post would effectively create a "reservoir of libelous statements" that does not already exist, *id.*, given that Vint deleted the social media post shortly after initial publication and the court finds no evidence that the post was copied or republished elsewhere.

## II.  CONCLUSION

For the reasons stated above, it is HEREBY ORDERED that the court's show cause order (Dkt. No. 10) is RESOLVED and that Vint's motion to file a copy of the social media post under seal (Dkt. No. 9) is GRANTED. Upon filing, the document will remain under seal until further order of this court.

The clerk is directed to send a copy of this order to the *pro se* plaintiff and all counsel of record.

Entered: January 18, 2023.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge