IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| RODNEY SOULSBY II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:22-cv-00069 |
| ) | |
| ASHLYN D. VINT ) | By: Elizabeth K. Dillon |
| ) |     United States District Judge |
| Defendant. ) | |

**MEMORANDUM OPINION**

Pending before the court is defendant Ashlyn D. Vint's motion to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. (Dkt. No. 23.) For the reasons stated herein, the court will grant the motion.

I.    INTRODUCTION

Plaintiff Rodney Soulsby II, proceeding pro se, filed this diversity suit against Vint (his former spouse) for alleged defamation arising from a social media post by Vint from November 21, 2021. (Compl., Dkt. No. 2, at 4–5.) Vint moved to dismiss the complaint for failure to state a claim (Dkt. No. 7), which the court granted during the hearing on that motion on June 20, 2023 (Dkt. No. 22). The court permitted Soulsby to file an amended complaint within 21 days. (*Id.*) However, Soulsby did not do so.

On July 13, 2023, after the time for Soulsby to file an amended complaint had expired, Vint moved to dismiss for failure to prosecute. (Dkt. No. 23.) Shortly thereafter, the court issued Soulsby a *Roseboro* notice, informing him of his right to respond to the motion to dismiss

and notifying him that failure to respond within 21 days could result in this case being dismissed. (Dkt. No. 24.) To date, Soulsby has not responded.[1]

## II. LEGAL STANDARDS

Rule 41(b) of the Federal Rules of Civil Procedure allows for the involuntary dismissal of a case for failure to prosecute. Fed. R. Civ. P. 41(b); *see Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)). In determining whether involuntary dismissal for failure to prosecute is appropriate under Rule 41(b), courts examine "(1) the degree of the plaintiff's personal responsibility for the failure; (2) the prejudice caused to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction." *Craft v. Astrue*, No. 1:10CV9, 2012 WL 6569021, at *1–2 (M.D.N.C. Dec. 17, 2012); *Davis*, 588 F.2d at 70.

Pro se litigants, such as Soulsby, "are not held to the same high standards as attorneys." *Craft*, 2012 WL 6569021 at *1, (citing *Hughes v. Rowe*, 449 U.S. 5, 10 n.7 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, such litigants "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). Accordingly, *pro se* litigants are subject to Rule 41(b). *See id*.

## III. DISCUSSION

Soulsby has failed to prosecute his claim by not timely filing an amended complaint; thus, his suit is subject to dismissal under Rule 41. In considering the four factors for

---

[1] Courts within the jurisdiction of the Fourth Circuit are required to advise a pro se plaintiff of both his right to file responsive material and the possibility that a failure to respond may result in the court finding against the plaintiff. *See generally Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). However, the Fourth Circuit has indicated that, even when a motion to dismiss is unopposed, "[a] district court nevertheless has an obligation to review the motion[] to ensure that dismissal is proper." *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014).

2

involuntary dismissal under Rule 41(b), the court finds that each factor weighs in favor of dismissal. First, while "[p]ro se litigants are entitled to some deference from courts," *Ballard*, 882 F.2d at 96, Soulsby is solely responsible for pursuing his claim and has proven unwilling to do so despite a *Roseboro* notice. Of course, he is not required to amend and may have simply decided not to pursue the claim. Second, although the court granted Vint's motion to dismiss at the hearing, Soulsby's failure to either file an amended complaint or notify the court of his intent not to do so has left the case pending without a resolution. Third, Soulsby has a history of not timely responding to pending matters in this case; he was tardy in responding to Vint's first motion to dismiss (though the parties later agreed to extend that deadline) and the court's show-cause order regarding diversity of citizenship. All court orders were mailed to Soulsby's last known address, and none were returned as undeliverable. Given that Soulsby was not required to notify the court of any intent not to pursue his case, dismissal without prejudice is the most appropriate resolution of his failure to prosecute.

## IV. CONCLUSION

For the reasons stated above, Vint's motion to dismiss for failure to prosecute (Dkt. No. 23) will be granted. The court will issue an appropriate order.

Entered: August 30, 2023.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge